UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                               Case No. 18-75807 (AST)

BIG APPLE ENERGY, LLC,                                              Chapter 7

       Debtor.
-------------------------------------------------------------x
In re:                                                                               Case No. 18-75808 (AST)

CLEAR CHOICE ENERGY, LLC,                                      Chapter 7

       Debtor.                                                              Jointly Administered
-------------------------------------------------------------x
RICHARD L. STERN, Solely in His capacity as
Chapter 7 Trustee of the Jointly Administered
Estates of Big Apple Energy, LLC and
Clear Choice Energy, LLC,

       Plaintiff,                                                            Adv. Pro. No. 20-    (AST)

   -against-

VICTOR FERREIRA and ANILA GJIKA
a/k/a ANILA MUHO,

       Defendant.
-----------------------------------------------------------x

## COMPLAINT

Richard L. Stern, solely in his capacity as Chapter 7 Trustee (the "Plaintiff") of the jointly administered estates of Big Apple Energy, LLC ("Big Apple") and Clear Choice Energy, LLC ("Clear Choice", along with Big Apple are collectively the "Debtors"), by his undersigned counsel, as and for his Complaint against Victor Ferreira ("Ferreira") and Anila Gjika a/k/a Anila Muho ("Anila", along with Ferreira are collectively the "Defendants"), alleges as follows:

1

## NATURE OF THE ACTION

1. This adversary proceeding is brought by the Plaintiff for monetary damages arising out of the unlawful actions taken by Defendants.

## JURISDICTION AND VENUE

2. This action arises under the Debtors' pending Chapter 7 bankruptcy cases.

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334, and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(E), (b)(2)(F) and (b)(2)(O).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6. The Plaintiff consents to the entry of final Orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final Orders or judgment consistent with Article III of the United States Constitution.

7. The statutory predicates for the relief sought herein include 11 U.S.C. §§ 105(a), 323, 502, 541, 542, 544, 547, 548, and 550 ("Bankruptcy Code"), the New York State Debtor and Creditor Law (the "DCL")[1], New York Limited Liability Company Law (the "L.L.C.L.") § 508, Bankruptcy Rules 6009 and 7001, and New York Debtor and Creditor law.

---

[1] On December 6, 2019, New York State enacted the "*Uniform Voidable Transactions Act*," which repealed and replaced certain provisions relating to fraudulent conveyances (L 2019, ch 580, eff. Apr. 4, 2020). The new provisions, however, do "not apply to a transfer made or obligation incurred before" the effective date of April 4, 2020 (*id.*, § 7). The Transfer at issue herein was made from to April 4, 2020. Consequently, it is subject to avoidance and recovery under the former Article 10 of the Debtor and Creditor Law.

## THE PARTIES

8. The Plaintiff is the duly appointed Chapter 7 Trustee of the Debtors' bankruptcy estates.

9. The Plaintiff is authorized to file this action under Bankruptcy Code § 323 and Bankruptcy Rule 6009.

10. Upon information and belief, at all times relevant, Defendant Ferreira was the sole member and manager of the Debtors.

11. Defendant Ferreira is a statutory insider of the Debtors under Bankruptcy Code § 101(31).

12. Upon information and belief, Defendant Ferreira is an individual with a primary residence of 36 Cedar Street, Syosset, New York 11791.

13. Upon information and belief, Defendant Anila is an individual with a primary residence 1630 Lincoln Avenue, New Hyde Park, New York 11040.

14. Upon information and belief, at all times relevant, Defendant Anila was the controller of Vantage Commodities Financial Service LLC ("Vantage").

15. During all relevant times, Vantage was a wholly-owned subsidiary of the Debtors.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

### I. Background

16. On August 27, 2018 ("Petition Date"), Big Apple and Clear Choice each filed voluntary petitions pursuant to the provisions of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Eastern District of New York ("Court").

17. By Order Authorizing the Joint Administration of Affiliated Chapter 11 Cases, the Chapter 11 cases of Big Apple and Clear Choice are being jointly administered under the *Big Apple Energy, LLC* case, Case No. 18-75807-AST [dkt item 59].

18. By Order and Amended Order entered December 11, 2018 and December 17, 2018, respectively [dkt items 355 and 369], the Debtors' cases were converted to Chapter 7 cases effective as December 17, 2018 ("Conversion Date").

19. The Plaintiff was appointed as the Chapter 7 Trustee of the Debtors' estates and, by operation of law, is the permanent Chapter 7 Trustee of the Debtors' estates.

20. By Notice of Discovery of Assets entered January 15, 2019, the Court set April 15, 2019 as the last date to file claims in each of the Debtors' estates [dkt item 99 in the Clear Choice estate and dkt item 402 in the Big Apple estate].

## II. The Big Apple Petition and Schedules

21. On September 24, 2018, Defendant Ferreira, on behalf of Big Apple, filed the schedules ("Schedules") and statement of financial affairs ("SOFA") related to Big Apple's petition [dkt item 124].

22. According to Big Apple' SOFA, Big Apple is obligated to list all of the transfers made to, or for the benefit of, insiders within the one year prior to the Petition Date [dkt item 124, p. 45, section 4].

23. According to Big Apple's SOFA, the only transfer made to, or for the benefit of, insiders within the one year prior to the Petition Date was to Defendant Ferreira, as Manager of BAE Energy, Sole Member of the Debtor, in the amount of $13,000 [dkt item 124, p. 45, section 4].

24. There were no other transfers to insiders made within the one year prior to the Petition Date listed on the Big Apple SOFA [dkt item 124, p. 45, section 4].

25. According to Big Apple's SOFA, Big Apple is obligated to list if it "provided insiders with value in any form including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions and options exercised?" [dkt item 124, p. 51, section 30].

26. According to Big Apple's SOFA, Big Apple listed in response to this inquiry is value provided to Defendant Ferreira in the amount of $13,000 [dkt item 124, p. 51, section 30].

27. According to Big Apple's SOFA, there were no other transfers provided to insiders "with value in any form including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions and options exercised?" [dkt item 124, p. 51, section 30].

28. Defendant Ferreira, on behalf of Big Apple, declared, under the penalty of perjury, that he examined the information in the SOFA and that the information is true and accurate [dkt item 124, p. 52, part 14].

29. Defendant Ferreira signed the SOFA as the Manager of BAE Energy and Sole Member of Big Apple [dkt item 124, p. 52, part 14].

### III.  The Debtors' Business

30. Clear Choice purchased electric energy from suppliers and then sold the electric energy to energy service companies (the "ESCOs"), which in turn provided electric service, through the utilities, to end users.

31. Clear Choice also provided financing to ESCOs, which would then purchase electric service (the "Clear Choice Business").

32. Big Apple purchased gas from suppliers and then sold to ESCOs, which in turn provided gas service through utilities to end users.

33.     Big Apple also provided financing to the ESCOs, which would then purchase gas service (the "Big Apple Business", along with the Clear Choice Business are collectively, the "Business").

34.     The Debtors also provided funding to each of the ESCOs for their monthly operational expenses, including, but not limited to, the purchase of electricity and/or gas and funds for the various administrative overhead expenses—*i.e.* payroll and rent.

35.     Every month each of the ESCOs made a request for the amount needed to fund their monthly operations.

36.     The Debtors would then issue an invoice to each of the ESCOs on account of the account receivable.

37.     The Debtors ceased operations of their Business on October 31, 2018.

**IV.    The Transfers**

38.     Based upon a review of Big Apple's books and records, Big Apple's primary operating account was maintained at Citibank with account number ending in 8771 (the "Big Apple Account").

39.     On about October 20, 2017, Defendant Ferreira caused a transfer from the Big Apple Account in the amount of $63,000 to be made directly to Defendant Anila (the "October Transfer").

40.     The October Transfer is booked as "posted to shareholder distribution" in Big Apple's books and records.

41.     Then, on or about December 15, 2017, Defendant Ferreira caused a second transfer from the Big Apple Account in the amount of $587,000 (the "December Transfer", along with the

6

October Transfer are referred to the "Transfers") to be made to the law firm of Marku, Beno & Tsamblakos, PLLC ("MBT") for the benefit of Defendant Anila.

42. The December Transfer is booked as "posted to shareholder distribution" in Big Apple's books and records.

43. Upon information and belief, MBT was the recipient of the December Transfer as the escrow agent for Defendant Anila.

44. Upon information and belief, Defendant Ferreira caused the Transfers to be made for the benefit of Defendant Anila to purchase of the real property known as, and located at, 1630 Lincoln Avenue, New Hyde Park, New York 11040 (the "Real Property").

45. According to the Uniform Commercial Code Financing Statement dated December 15, 2017 (the "UCC Statement"), Defendant Ferreira is identified as the secured party of the collateral, which is described as "One family house located at1630 Lincoln Avenue, New Hyde Park, New York 11040 [the Real Property] for the amount of six hundred and thirty-five thousand dollars ($635,000)". A copy of the UCC Statement is annexed as **Exhibit "A"**.

46. Defendant Anila is identified as the debtor in the UCC Statement.

47. Based on the UCC Statement, Defendant Ferreira has asserted a security interest in and to the Real Property.[2]

48. According to the Real Property Deed recorded on January 8, 2018 (the "Deed"), Defendant Anila was the purchaser of the Real Property for the purchase price of $630,000 (the "Purchase Price"). A copy of the Deed is annexed as **Exhibit "B"**.

49. Upon information and belief, notwithstanding that the funds used by Defendant Anila to purchase the Real Property originated with Big Apple, Defendant Anila executed a

---

[2] The Plaintiff disputes that Mr. Ferreira is properly perfected in and to the Real Property by way of filing the annexed UCC Statement, and the Plaintiff reserves all rights in connection therewith.

Promissory Note dated December 15, 2017, for the principal sum of six hundred and thirty-five thousand dollars ($635,000) in favor of Defendant Ferreira (the "Promissory Note"), a copy of which is annexed as **Exhibit "C".**

50. Upon information and belief, under the Promissory Note, Defendant Anila was obligated, among other things, to pay Defendant Ferreira the amount of three thousand dollars and fifty-one cents ($3,031.59) on the first day of every month starting on January 1, 2018 through January 1, 2048 (the "Monthly Payments").

51. Upon information and belief, Defendant Ferreira has been the recipient of the Monthly Payments from January 1, 2018 through on or about May, 2020.

52. Upon information and belief, in addition to the Monthly Payments, Defendant Ferreira has been the recipient of larger supplemental payments made by Defendant Anila on account of the Promissory Note.

53. Defendant Ferreira memorialized this transaction with the Promissory Note and the UCC Statement and thereby created an account receivable for his personal benefit for thirty years.

54. Defendant Ferreira is a beneficiary of the Transfers.

55. According to Big Apple's books and records, these Transfers were not an obligation of Big Apple owed to either of the Defendants.

56. At the time of the Transfers, Big Apple owed money to one or more unsecured creditors to whom it still owed a debt on the Petition Date, including, but not limited to, MIECO, Transcontinental Gas Pipe Line Company, LLC and South Jersey Resources Group, LLC.

## FIRST CLAIM FOR RELIEF
(Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 541 & 542)
(As Against Both Defendants)

57. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "56" as if set forth fully herein.

58. Big Apple has a legal and equitable interest in the funds comprising of the Transfers.

59. Big Apple's legal and equitable interest in the Transfers is property of the Big Apple estate.

60. Upon information and belief, each of the Defendants are holding assets, which are property of the Big Apple estate.

61. By reason of the foregoing, and in accordance with Bankruptcy Code §§ 541 and 542, the Plaintiff is entitled to the entry of an Order and Judgment directing the Defendants to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court.

## SECOND CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to 11 U.S.C. § 548(a)(1)(A))
(As Against the Defendants)

62. The Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "61" as if set forth fully herein.

63. The Transfers to, or on behalf of, the Defendants from the Big Apple Account were made with the actual intent to hinder, delay or defraud present or future creditors in violation of Bankruptcy Code § 548(a)(1)(A).

64. The Transfers were made within two (2) years of the Petition Date.

65. The Debtor was insolvent or became insolvent shortly after the Transfers were made.

66. The Transfers to, or on behalf of, the Defendants from the Big Apple Account constitute fraudulent conveyances of Big Apple's assets in violation of Bankruptcy Code § 548(a)(1)(A).

67. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendants, jointly and severally: (a) avoiding the Transfers to, or on behalf of, the Defendants from the Big Apple Account; and (ii) a money judgment in an amount to be determined at trial but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to 11 U.S.C. § 548(b)(1)(B))
(As Against the Defendants)

68. The Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "67" as if set forth fully herein.

69. The Transfers to, or on behalf of, the Defendants from the Big Apple Account occurred on or before the Petition Date.

70. The Transfers were made within two (2) years of the Petition Date.

71. Upon information and belief, Big Apple received less than reasonably equivalent value in exchange for the Transfers to or for the benefit of Defendants from the Big Apple Account.

72. Upon information and belief, Big Apple: (a) was insolvent on the dates of the Transfers or became insolvent as a result of these events; (b) was engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with Big Apple was unreasonably small capital; or (c) intended to incur or believed that it would incur, debts that would be beyond its ability to pay as they matured.

73. The Transfers to, or for the benefit of, the Defendants from the Big Apple Account constitute fraudulent conveyances under Bankruptcy Code § 548(a)(1)(B).

74. The Transfers were made to or for the benefit of the Defendants.

75. By reason of the foregoing, the Plaintiff is entitled to an order and judgment against the Defendants, jointly and severally: (i) avoiding Transfers to, or on behalf of, the Defendants from the Big Apple Account; or (ii) a money judgment in an amount to be determined at trial but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
(Fraudulent Transfer under DCL)
(As Against the Defendants)

76. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "75" as if set forth fully herein.

77. At the time of the Transfers, Big Apple was insolvent or was thereafter rendered insolvent.

78. Upon information and belief, Big Apple did not receive fair consideration in exchange for the Transfers.

79. The Transfers constitute fraudulent transfers in violation of Section 273 of the DCL.

80. Under Bankruptcy Code §§ 544(b) and 550, and Section 273 of the DCL, the Plaintiff may avoid the Transfers.

81. By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfers pursuant to Section 273 of the DCL and judgment against the Defendants, jointly and severally, in an amount as yet undetermined, but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## FIFTH CLAIM FOR RELIEF
(Fraudulent Transfer under DCL)
(As Against the Defendants)

82. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "81" as if set forth fully herein.

83. At the time of the Transfers, Big Apple was engaged in, or was about to, engage in a business or transaction for which the property remaining in its hands after the Transfers was an unreasonably small capital.

84. Upon information and belief, Big Apple did not receive fair consideration in exchange for the Transfers.

85. The Transfers constitute fraudulent transfers in violation of Section 274 of the DCL.

86. Under Bankruptcy Code §§ 544(b) and 550 and Section 274 of the DCL, the Plaintiff may avoid the Transfers.

87. By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfers pursuant to Section 274 of the DCL and judgment against the Defendants, jointly and severally, in an amount as yet undetermined, but in no event believed to be less than $650,000.00 *plus* interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## SIXTH CLAIM FOR RELIEF
(Fraudulent Transfer under DCL)
(As Against the Defendants)

88. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "87" as if set forth fully herein.

89. At the time of the Transfers, Big Apple intended or believed that it would incur debts beyond its ability to pay as they matured.

90. Upon information and belief, Big Apple did not receive fair consideration in exchange for the Transfers.

91. The Transfers constitute fraudulent transfers in violation of Section 275 of the DCL.

92. Under Bankruptcy Code §§ 544(b) and 550 and Section 275 of the DCL, the Plaintiff may avoid the Transfers.

93. By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfers pursuant to Section 275 of the DCL and judgment against Defendants, jointly and severally, in an amount as yet undetermined, but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' costs or such other amount as may be determined by the Court.

**SEVENTH CLAIM FOR RELIEF**
(Fraudulent Transfer under DCL)
(As Against the Defendants)

94. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "93" as if set forth fully herein.

95. The Transfers were made by Big Apple with the actual intent to hinder, delay, or defraud present or future creditors of Big Apple in violation of Section 276 of the DCL.

96. The Debtor was insolvent or became insolvent shortly after the Transfers were made.

97. Under Bankruptcy Code §§ 544(b) and 550 and Section 276 of the DCL, the Plaintiff may avoid the Transfers.

98. By reason of the foregoing, the Plaintiff is entitled to an order avoiding the Transfers pursuant to Section 276 of the DCL and judgment against the Defendants, jointly and severally, in an amount as yet undetermined, but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## EIGHTH CLAIM FOR RELIEF
(Attorneys' Fees under DCL)
(As Against the Defendants)

99. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "98" as if set forth fully herein.

100. The Transfers were caused by Defendant Ferreira with the actual intent to hinder, delay, or defraud present or future creditors of Big Apple.

101. The Transfers were received by the Defendants with the actual intent to hinder, delay, or defraud present or future creditors of Big Apple.

102. The Transfers constitute fraudulent transfers of the Big Apple's assets in violation of Section 276-a of the DCL.

103. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendants under Section 276-a of the DCL, jointly and severally, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

## NINTH CLAIM FOR RELIEF
(Unlawful Distribution)
(As Against Defendant Ferreira)

104. The Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "103" as if set forth fully herein.

105. New York Limited Liability Company Law (the "L.L.C.L.") § 508 imposes limitations on distributions to members of a limited liability company.

106. L.L.C.L. § 508 states that indebtedness of a limited liability company must be paid before a distribution is made to a member of a limited liability company.

107. At all times relevant, Defendant Ferreira was the sole Member of the limited liability company of Big Apple.

108. Upon information and belief, Big Apple was insolvent on the date of the October Transfer or December Transfer or rendered insolvent as a result of these Transfers.

109. Upon information and belief, the Transfers were made in contravention of L.L.C.L. § 508 and constitute unlawful distributions as they were paid to, or for the benefit of, Defendant Ferreira without regard to the financial condition of Big Apple at the time to Transfers were made.

110. By reason of the foregoing, the Plaintiff is entitled to judgment against Defendant Ferreira in an amount as yet undetermined, but in no event less than $650,000, *plus* interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

### TENTH CLAIM FOR RELIEF
### (Preference Pursuant to 11 U.S.C. § 547)
### (As Against Defendant Ferreira)

111. The Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "110" as if set forth fully herein.

112. To the extent the Transfers were not fraudulent transfers made to or for the benefit of the Defendants, the Plaintiff asserts the instant claim for relief that the Transfers constitute preferential transfers to Defendant Ferreira in the alternative.

113. The Transfers were made within one year of the Petition Date.

114. Defendant Ferreira is a statutory insider under Bankruptcy Code § 101(31).

115. The Transfers from the Big Apple Account were made to, or for the benefit of, Defendant Ferreira.

116. Upon information and belief, the Transfers were made on account of an antecedent debt owed by Big Apple to Defendant Ferreira.

117. The Transfers were made while Big Apple was insolvent or Big Apple was rendered insolvent as a result thereof.

118. The Transfers enabled Defendant Ferreira to receive more than he would have otherwise received: (a) in the Big Apple's chapter 7 bankruptcy case; (b) if the Transfers were not made; and (c) if Defendant Ferreira received payment to the extent provided by the provisions of the Bankruptcy Code.

119. As evidenced by the current claims filed in this case and the debt incurred to date, the liabilities of the Big Apple estate exceed $119,000,000.

120. By reason of the foregoing, the Transfers from the Big Apple Account are avoidable and recoverable by the Plaintiff under Bankruptcy Code §§ 547(b) and 550.

121. By reason of the foregoing, the Plaintiff is entitled to an Order and judgment: (i) avoiding the Transfers to or for the benefit of Defendant Ferreira; or (ii) a money judgment in an amount to be determined at trial but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' fees and costs.

## ELEVENTH CLAIM FOR RELIEF
(Disallowance of Claims under 11 U.S.C. §§ 502(d) and (j))
(As Against the Defendants)

122. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" as if set forth fully herein.

123. The Defendants are unlawfully withholding property of the Big Apple estate.

124. The Defendants have not paid the amount of the Transfers, which is property of the Big Apple estate to the Plaintiff.

125. Pursuant to Bankruptcy Code § 502(d), any and all claims of the Defendants against the Big Apple estate, including any and all claims assigned by the Defendants, must be disallowed until such time as the Defendants pay the Plaintiff the amount equal to the Transfers, in an amount

as yet undetermined, but in no event believed to be less than $650,000, *plus* interest thereon, costs, or such other amount as may be determined by the Court.

126. Pursuant to Bankruptcy Code § 502(j), any and all previously allowed claims of the Defendants against Big Apple estate, including any and all claims assigned by the Defendants, must be reconsidered and disallowed until such time as the Defendants pay to the Plaintiff the amount equal to the Transfers, in an amount as yet undetermined, but in no event believed to be less than $650,000, *plus* interest thereon, costs, or such other amount as may be determined by the Court.

**WHEREFORE,** the Plaintiff demands judgment on his claims for relief against the Defendants as follows:

(1) On his first claim for relief against the Defendants, for entry of an Order and Judgment, in accordance with Bankruptcy Code §§ 541 and 542, directing the Defendants to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(2) On his second claim for relief against the Defendants, for entry of an Order and Judgment, to avoid the Transfers pursuant to Bankruptcy Code § 548(a); and (b) setting aside the Transfers as fraudulent conveyances; or, in the alternative, an Order and Judgment against the Defendants, jointly and severally, in an amount as yet undetermined, but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(3) On his third claim for relief against the Defendants, for entry of an Order and Judgment, to avoid the Transfers pursuant to Bankruptcy Code § 548(b); and (b) setting aside the Transfers as fraudulent conveyances; or, in the alternative, an Order and Judgment against the Defendants, jointly and severally, in an amount as yet undetermined, but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(4) On his fourth claim for relief against the Defendants for entry of an Order avoiding the Transfers pursuant to Section 273 of the DCL and judgment against the Defendants, jointly and severally, in an amount as yet undetermined, but in no event

believed to be less than $650,000, *plus* interest thereon, attorneys' costs or such other amount as may be determined by the Court; and

(5)  On his fifth claim for relief against the Defendants for the entry of an order avoiding the Transfers pursuant to Section 274 of the DCL and judgment against the Defendants, jointly and severally, in an amount as yet undetermined, but in no event believed to be less than $650,000.00 *plus* interest thereon, attorneys' costs or such other amount as may be determined by the Court; and

(6)  On his claim for relief against the Defendants for the entry of an order avoiding the Transfers pursuant to Section 275 of the DCL and judgment against the Defendants, jointly and severally, in an amount as yet undetermined, but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' costs or such other amount as may be determined by the Court; and

(7)  On his seventh claim for relief against the Defendants for the entry of an order avoiding the Transfers pursuant to Section 276 of the DCL and judgment against the Defendants, jointly and severally, in an amount as yet undetermined, but in no event believed to be less than $650,000, *plus* interest thereon, attorneys' costs or such other amount as may be determined by the Court; and

(8)  On his eighth claim for relief against the Defendants for a judgment against the Defendants, under Section 276-a of the DCL, jointly and severally, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action; and

(9)  On his ninth claim for relief for judgment against Defendant Ferreira in an amount as yet undetermined, but in no event less than $650,000, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court.

(10)  On his ninth claim for relief against Defendant Ferreira, for entry of an Order and Judgment: (a) avoiding the Transfers pursuant to Bankruptcy Code § 547; and (b) setting aside the Transfers as preferential transfers; or, in the alternative, an Order and Judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $650,000 *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(11)  On his eleventh claim for relief against the Defendants, entry of an Order and Judgment disallowing claims of the Defendants, if any, against the Big Apple estate; and

(12)   such other and further relief as the Court deems just and proper.

Dated: August 19, 2020
      Wantagh, New York                  Respectfully submitted,

                                            **LAMONICA HERBST & MANISCALCO, LLP**
                                            Counsel to Plaintiff, Richard L. Stern, Solely in his
                                            Capacity as the Chapter 7 Trustee

                                By:    *s/ Jacqulyn S. Loftin*
                                          Jacqulyn S. Loftin, Esq.
                                          Melanie A. FitzGerald, Esq.
                                          3305 Jerusalem Avenue, Suite 201
                                          Wantagh, New York 11793
                                          Tel: 516.826.6500